## Case No. 15,183.

### UNITED STATES v. GALINDO.

[1 Cal. Law J. 233.]

District Court, N. D. California. 1863.

##### MEXICAN LAND GRANTS—CLAIM REJECTED.

[An alleged grant made by a priest of the mission of Santa Clara, under authority given in certain communications from the governor and commanding general, rejected, where the only documents were the original deeds produced by the claimant, unsupported by the records of the mission or by any other evidence from the archives.]

[This was a claim by Juan C. Galindo, based upon an alleged grant from a priest of the mission of Santa Clara, for two leagues of land lying in Santa Clara county, Cal.]

OPINION OF THE COURT. The title of the claimant in this case is founded on an alleged deed to him from Padre Real, priest of the mission of Santa Clara. The authority for making this deed is claimed to have been conferred on Padre Real by a communication addressed to him by Jimeno on the 21st of December, 1844; by a communication dated June 16, 1846, from José Castro to Padre Real; and by an order of José Castro dated June 9, 1846, on the margin of a petition addressed to General José Castro, and dated May 12, 1845. The deed of Real to Galindo is dated June 10, 1846. In his letter of June 16, José Castro, after alluding to a copy previously transmitted to Real of a supreme order dated January 14, 1846, in which the commandants general were authorized to dispose of all the resources of their departments, transcribes a dispatch dated June 10, received by himself from the governor of California.

It is evident that neither the dispatch of Castro, dated June 16, nor the communication to him from the governor dated June 10, and which he transcribes for the information of Real, could have constituted the authority for making a deed on the 10th of June, the very day on which the governor's dispatch was written at the capital of the department. The communication of Jimeno of December 21, 1844, purports to be written by the direction of the governor and to order the priest to proceed to the designation and delivery of such lands of the mission as he may think it necessary to concede for the support of divine worship and the maintenance of his reverence, "making an entry in a book of the lands conceded, which book shall be kept in the archives, and which shall serve as a notice when the poblacion of Santa Clara shall be formed." Neither this communication nor that of José Castro to Real is found in the archives of the former government. Nor do we find any trace of the supreme order of January 14, 1846, referred to in Castro's letter, whereby the commandants general were authorized to dispose of all the resources of their departments. No book containing entries of the land conceded under the authority alleged to have been conferred by Jimeno's dispatch of December 21, 1844, is produced, nor do the archives contain any evidence of any other concession made by the priest by virtue of that order.

It is unnecessary to consider whether, under the colonization laws and regulations, the governor had the right to delegate to a priest of a mission the power of conceding public lands. For no clue of the documents by which he is supposed to have done so is found in the archives, or have any higher evidence of authenticity than their production by the claimants, with proof of the handwriting. The dispatch of Jimeno is evidently a mere authority to the priest to designate and deliver the possession of such lands as it may be absolutely necessary to dispose of for the maintenance of divine worship, with an implied promise that the government will respect the rights so conferred when the poblacion is formed and the lands distributed amongst the pobladores. But this authority seems never to have been acted on by the priest, even if the documents produced be genuine—for the deed to Galindo was not made until nearly two years afterwards. And Castro's communication shows that the dispatch it encloses was in answer to a recent application by Real for authority to sell the lands of the mission to pay its debts. It could not have been supposed by Real that all the authority he required was already conferred by Jimeno's dispatch of December 21, 1844. If the genuineness of these documents were undoubted; if it were shown that the mission was in fact indebted to Galindo, and if, acting on the authority conferred by the dispatches, the priest had conceded to Galindo a tract of land which he had occupied and improved, and of which, at the conquest, we had found him in the undisturbed possession, the case would have had strong equitable claims upon the consideration of the United States government, notwithstanding the technical objection that the governor had no right to delegate his authority to grant. It was, probably, on these grounds that the claim was confirmed by the circuit judge.

But the proof of the authenticity of the documents is unsatisfactory; and they are wholly unsustained by archive evidence, which, under the recent decisions of the supreme court, we are justified in exacting. There seems to be no reason why the borrador of Jimeno's dispatch to Real, or of the communication to Castro, and by him transcribed to Real, should not, if genuine, be found in the archives. The deed of Real to Galindo is subscribed by two witnesses, neither of whom has been called; it appears that Galindo never occupied the tract until 1847; nor is there any proof of a notorious and recognized claim of ownership by Galindo during the existence of the former government. An expediente from the archives containing a petition by Galindo for two leagues of land in extent, a marginal order of reference, and a

favorable report, have been produced. But this petition, which is dated April 1, 1846, refers to an entirely different tract from that described in Real's deed, and it appears not to have been acted on. A petition of Galindo to José Castro, dated May 12, 1846, is also produced, in which Galindo prays that the debt due him by the mission may be paid by a grant of the land petitioned for by him two years before. On this petition is a marginal order by Castro, directing Galindo to apply to the priest that the latter may satisfy his claim, if just, by giving him a piece of land. This order is dated June 9, 1846.

But independently of the objection that Castro, as commandant general, had no authority to empower the priests to dispose of mission lands, the document has no sufficient evidence of authenticity. It is not found in the archives, but is produced from the custody of the claimant, and Mr. Hopkins testifies that the date appears to have been originally written July 9th, and altered to June 9th. If the document was, in fact, written in July, it could not have been the authority to Real for making a deed in June. I think that, under the proofs, the claim must be rejected.